DOREEN D. SHORE, Plaintiff-Appellant, *v.* CORONET INSURANCE COMPANY, Defendant-Appellee.

(No. 55605;

First District—August 17, 1972.

Joseph L. Dombrowski, of Chicago, for appellant.

Haft, Shapiro & Haft, of Chicago, (Morris A. Haft, of counsel,) for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff initiated this action against defendant to compel it, under the terms of a certain insurance policy, to submit a dispute to arbitration. Defendant filed an answer in which it denied that plaintiff was any longer its insured. Thereafter, defendant moved for judgment on the pleadings. After hearing argument, the trial court entered judgment on the pleadings in favor of defendant, and dismissed plaintiff's complaint. This appeal follows. For its disposition, we are called upon to interpret

the Illinois statute covering notice requirements for the renewal of an automobile liability insurance policy.

In 1967 plaintiff obtained an automobile insurance policy from defendant. The policy by its terms extended from 12:01 A.M. on April 25, 1967, to 12:01 A.M. on April 25, 1968. Some fourteen hours after this latter time, at 4:30 P.M. on April 25, 1968, plaintiff was involved in an automobile accident with an uninsured motorist. The policy in question contained uninsured motorists' coverage and plaintiff brought suit to recover under that coverage. The pertinent Illinois statutes, which became effective January 1, 1968, provide in part as follows:

"755.5 Notice of intention not to renew.

No company shall fail to renew an automobile liability insurance policy unless it shall mail or deliver to the named insured, at the address shown in the policy, at least 30 days' advance notice of its intention not to renew.

This Section does not apply if the company has manifested its willingness to renew * * *." Ill. Rev. Stat. 1969, ch. 73, par. 755.5.

" 'Renewal' or 'to renew' means the issuance and delivery by an insurer of a policy superseding at the end of the policy period a policy previously issued and delivered by the same insurer or the issuance and delivery of a certificate or notice extending the term of a policy beyond its policy period or term; * * *." Ill. Rev. Stat. 1969, ch. 73, par. 755.2(b).

According to the properly pleaded allegations of the complaint, which are admitted by the motion for judgment on the pleadings, no notice had been given to plaintiff regarding defendant's intention to renew or cancel the policy. Plaintiff contends that under the statute the policy was renewed and she remained defendant's insured at the time of the accident. Defendant maintains that it had shown no intention of cancelling the policy or of refusing its renewal, and by its silence manifested its willingness to renew the policy. It further argues that it had been waiting for plaintiff to renew her coverage, and when she did not, the policy expired.

■■ Generally words used in a statute should be given their plain and ordinary meaning. (*Ambassador East, Inc. v. City of Chicago*, 399 Ill. 359, 77 N.E.2d 803.) Unless words are otherwise defined by the General Assembly, courts should apply the common dictionary meaning to words appearing in legislative enactments. (*Bowes v. City of Chicago*, 3 Ill.2d 175, 120 N.E.2d 15.) Webster's Third New International Dictionary, 1969, defines "manifest" to mean as follows: "show plainly, make palpably evident or certain by showing or displaying." Under the foregoing cri-

teria, silence on the part of defendant was not a manifestation of its willingness to renew the policy in question. In our view, to comply with the statute, defendant had the duty to give notice to plaintiff even if it were willing to renew the coverage. Absent such notice, the policy continued in full force and effect. Such an interpretation seems logical in view of the legislative intent that all insured have a reasonable opportunity to maintain continuous automobile liability insurance coverage. Indeed, in defining "renewal," ch. 72, par. 755.2(b), the General Assembly imposed affirmative duties upon the insurer. Moreover, we do not believe that our interpretation adversely affects the contract rights of either party. The power of the General Assembly to impose these duties upon the insurer exists because of the relationship between insurance companies and the State, and not because of the existence of this contract between the plaintiff and defendant. Both parties remain free to renew or cancel the coverage. The affirmative duty of notification of intent to cancel or renew is merely placed upon the insurer.

■■ In its argument, defendant cites the Restatement of Contracts, 392, for the proposition that silence by a debtor when a claim is disputed acts as a manifestation of assent, and that silent retention of a statement of account is a manifestation of assent to the debt. We recognize silence may be a manifestation of assent in certain instances, but not where an insurer is required to give notice to its insured of an intention to renew or cancel automobile liability coverage.

Accordingly, the judgment of the circuit court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Judgment reversed and cause remanded.

McGLOON, P. J., and DEMPSEY, J., concur.