GEORGE C. SHIARAS, Plaintiff-Appellee, v. JOHN CHUPP, Defendant-Appellee—(STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant).

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Third-Party Plaintiff-Appellant, v. COUNTRY MUTUAL INSURANCE COMPANY et al., Third-Party Defendants-Appellees.

(No. 72-306;

Second District—April 15, 1974.

*Rehearing denied May 21, 1974.*

Gunner, Keller & Magdich, of Dixon, for appellant.

William J. Sturgeon and George Nichols, both of Dixon, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is an appeal by defendant-third-party plaintiff, State Farm Mutual Automobile Insurance Company (State Farm), from a declaratory judgment entered against it by the Circuit Court of Lee County. The sole question presented both in the trial court and on appeal is whether an automobile insurance policy issued by State Farm remained in force after its expiration date even though the insured failed to pay the premium due. The trial court ruled that State Farm failed to "cancel" the policy as required under the terms thereof, and therefore, the policy was still in effect after the policy's stated expiration date.

There is no dispute as to any of the material facts. State Farm issued an automobile insurance policy to John Chupp on June 8, 1970. The policy provided liability and other insurance for a 1963 GMC one-half ton pickup truck. The policy period was for a 6-month term from June 8, 1970, to December 8, 1970. The policy was renewed for a 6-month period extending the term of the policy from December 8, 1970, to 12:01 A.M. June 8, 1971.

On May 6, 1971, State Farm mailed John Chupp a notice indicating his premium payment was due on or before June 8, 1971, but no payment of the premium was made by June 8.

On June 11, 1971, 3 days after the expiration date, Chupp was sent another notice from State Farm which again informed him of the date payment was due and the amount due. This notice further stated:

> "To have continuous protection make payment to the company or State Farm agent within ten days after the policy due date. If

payment is not made within 10 days after the due date, but is made in less than 40 days, protection will be reinstated as of date payment is received by the company. * * *"

No payment was made within 10 days of the due date.

On June 18, 1971, John Chupp allowed George Shiaras to drive the pickup truck listed on the original policy. While operating this truck, Shiaras was involved in an accident with a motorcycle driven by Edward De Pauw.

After this accident Chupp mailed the premium payment to State Farm in an envelope postmarked June 21, 1971. He also notified a State Farm agent about the accident. The testimony, however, is not clear as to whether he did so before or after he sent in the payment. The premium payment was received by State Farm on June 22, 1971, and the new policy of insurance was issued to Chupp for the period of June 22, 1971, to December 8, 1971. State Farm re-computed the premium due for the shorter period of time and assessed the premium of 92.2% of the amount that should have been paid on June 8, 1971. This resulted in a $4 reduction in the premium. A check dated June 27, 1971, for $4 was mailed to Chupp and was cashed by him.

After De Pauw commenced suit for personal injuries in Lee County against Shiaras, Shiaras filed the complaint herein for declaratory judgment against John Chupp and State Farm in order to determine the rights of the parties under the State Farm insurance policy. Subsequently, State Farm filed a third-party complaint against De Pauw and Country Mutual Insurance Company, Shiaras' insurance company. Although the complaint was commenced by Shiaras, it is clear that the real party in interest is the Country Mutual Insurance Company. If Chupp's State Farm policy were still in effect at the time of the accident, State Farm would have to defend and provide coverage in the event De Pauw won his suit against Shiaras. However, in the event no coverage is afforded by State Farm because the policy had expired, Country Mutual would have to provide coverage for George Shiaras.

The pertinent part of the State Farm policy reads as follows:

"1. POLICY PERIOD:

The policy period shall be as shown under "Policy Period" and for such succeeding periods of six months each thereafter as the required renewal premium is paid by the named insured on or before the current policy period * * *. The policy period shall begin and end at 12:01 A.M. at the address of the named insured as stated herein. The premium shown is for the policy period indicated in the declaration."

On page 15 of the policy, the policy requires State Farm to give 30 days' notice to its insured of its intention not to renew the policy. However, if the insured does not pay the premium (in this case pay the premium due on or before June 8) this notice provision has no effect and State Farm is not required to give the insured notice of the nonrenewal of the policy. Chupp, the insured, did not pay his premium on or before June 8, the expiration date. Therefore, under the terms of the policy, State Farm did not need to send a notice of its intention not to renew.

Insurance policies covering privately owned automobiles are subject to the Illinois Insurance Code of 1937 as amended in 1967 (Ill. Rev. Stat. 1971, ch. 73, par. 613 *et seq.*) The issue before us, therefore, is whether the Insurance Code requires State Farm to notify Chupp, the insured, in a particular manner of its intention not to renew his policy. The appellees, plaintiff Shiaras and third-party defendants De Pauw and Country Mutual assert that sections 143.3 and 143.4 of the Insurance Code (Ill. Rev. Stat. 1971 ch. 73, pars. 755.3 and 755.4) apply to the situation in question. Section 143.3 sets forth the grounds for the insurer's cancellation of an existing policy (*i.e.*, a policy which has been effective for 60 days or which is a renewal policy). One of the grounds listed for cancellation is "nonpayment of premium". Section 143.4 sets forth the method by which a company may cancel an existing policy for the reasons stated in section 143.3. This section requires the insurer to notify its insured of the cancellation of the policy because of nonpayment of premium at least 10 days before cancellation. Such notice must state the reason for cancellation. As State Farm concedes that it had not notified Chupp in the manner prescribed under section 143.4, the appellees argue that the policy did not terminate on June 8, 1971. We do not agree. These sections are not applicable to the case before us.

The legislature had intended that these two sections should only apply in cases where an insurer unilaterally terminates a policy which is then in effect before the end of the stated term of the policy. The legislature provided that these two sections should not apply in case of an insurer's refusal to renew an existing policy at the end of its term, by expressly stating in both sections that "[n]othing in this section shall apply to non-renewal". "Renewal" is defined in section 143.2 of the Insurance Code (Ill. Rev. Stat. 1971, ch. 73, par. 755.2(b)) as,

> "* * * 'Renewal' or 'to renew' means the issuance and delivery by an insurer of a policy superseding at the end of the policy period a policy previously issued and delivered by the same insurer or the issuance and delivery of a certificate or notice extending the term of a policy beyond its policy period or term; * * *."

In the instant case, State Farm refused to extend the term of the policy. The facts before us, therefore, involve a case of nonrenewal. Consequently, the notice provision of section 143.4 does not apply.

Rather, the giving of a notice not to renew is governed by section 143.5 of the Code (Ill. Rev. Stat. 1971, ch. 73, par. 755.5). Under this section an insurer must give its insured 30 days' notice of its intention *not to renew* the policy. However, "This Section does not apply if the company has manifested its willingness to renew or *in case of nonpayment of premium* \* \* \*." (Emphasis added.) (Ill. Rev. Stat. 1971, ch. 73, par. 755.5.) Here, the insured did not pay the premium at the expiration date of the policy, June 8, 1971. Accordingly, under this section, State Farm is not required to send a notice of its intention not to renew 30 days before the expiration of the policy.

■■ This section, however, does not give the insurance company the power to refuse to renew a policy because of nonpayment of premium without giving a notice of any kind. Clearly, the legislature's intention in drafting these statutes is the protection of the insured from capricious and arbitrary actions of an insurer. Such actions taken without notice to the insured, even when reasonable, could leave a car owner uninsured for long periods of time while he attempts to secure insurance coverage from another company. The legislature intended that all insured motorists should have a reasonable opportunity to maintain continuous automobile liability insurance coverage. (*Shore v. Coronet Insurance Co.* (1972), 7 Ill.App.3d 782, 288 N.E.2d 887.) Consequently, an insurance company is under a duty to reasonably remind its insured that a premium is due. An insurance company cannot be permitted to avoid the notification requirements of section 143.5 by keeping silent and inducing the insured to forget to pay the premium. This reasoning is borne out by the decision in *Shore v. Coronet Insurance Co., supra.* The court in *Shore* held that an insurance company cannot avoid the notification requirements of section 143.5 by remaining silent throughout the term of the policy.

■■ We hold, therefore, that a "case of nonpayment of premium" as used in section 143.5 and which is without definition in the Code, can occur only after an insurance company has given its insured a demand or notice stating that the premium is about to become due and the insured has then failed to pay the premium by the due date. It is not sufficient notice by itself, however, to have the premium due date buried deep within an unreadable insurance contract. The notice must be given in a manner which would reasonably remind the insured that his premium is due.

■■ In the instant case, State Farm did reasonably notify the insured, Chupp, that his premium was due a month before the due date. Because

State Farm sent such a notice to Chupp, Chupp's failure to pay made this situation "a case of nonpayment of premium" within the terms of section 143.5. Therefore, State Farm did not need to further notify Chupp of its intention not to renew, and the policy terminated on June 8, 1971. As a result, State Farm did not provide insurance coverage for the truck of John Chupp on June 18, 1971, the date of the accident.

We must note that we do not express an opinion on whether State Farm's notice giving Chupp an additional 10 days to pay his premium extended the policy term for an additional 10 days absolutely (*i.e.*, the policy covered Chupp for the added 10 days whether or not he paid the premium within the 10 days), or conditionally (*i.e.*, the policy covered Chupp for the 10 days only if he paid the premium within the 10 days). Because the policy's stated term ended at 12:01 on June 8, 1971, a 10-day extension would extend the policy to 12:01 on June 18, 1971. The accident, however, occurred after this additional time period at 7:48 P.M. on June 18, 1971. Therefore, the policy would not have been in force at the time of the accident whether the extension was an absolute extension or a conditional extension.

We must also note that nothing in this opinion should be construed as contrary to the Illinois Supreme Court opinion in *Van Hulle v. State Farm Mutual Automobile Insurance Co.* (1970), 44 Ill.2d 227, 254 N.E. 2d 457. In *Van Hulle*, the court held that where an insurance company has notice of a loss, forfeiture of a policy for nonpayment of a premium which occurred prior to the loss may be waived after the loss by the insurance company's acceptance of the past due premium. (*See also Horace Mann Insurance Co. v. Brown* (1973), 13 Ill.App.3d 330, 300 N.E.2d 20.) While certain facts in the instant case could conceivably make out a case of waiver, the doctrine of waiver was neither pleaded nor proved in the proceedings below.

For the foregoing reasons the judgment of the Circuit Court of Lee County is reversed.

Reversed.

SEIDENFELD and T. MORAN, JJ., concur.