In re Application of Morey for Review of Cancellation:
Morey, Appellee, *v.* Educator & Executive Insurers, Inc.,
Appellant.

[Cite as Morey v. Educator & Executive Insurers (1976),
45 Ohio St. 2d 196.]

(No. 75-7—Decided February 25, 1976.)

*Messrs. Baldwin, Nichol & Menapace, Mr. Alan Wayne Sheppard* and *Mr. Reno J. Menapace,* for appellee.

*Messrs. Williams, Deeg, Ketcham, Booker & Obetz, Mr. James D. Booker* and *Mr. Richard C. Deeg,* for appellant.

PAUL W. BROWN, J. Clearly, the insurance policy in question was not renewed by the insured, and lapsed, by reason of nonpayment of the premium, on March 1, 1973, at 12:01 a. m. Payment of the delinquent premium on March 20th was ineffective to reinstate coverage retroactive to March 1, 1973, so as to provide coverage for the accident of March 17th.

R. C. 3937.30 through 3937.39, upon which appellee relies, were written to prevent the arbitrary and unwarranted cancellation of autmobile insurance policies. R. C. 3937.-31 requires such policies to be issued for policy periods of two years *or* to be guaranteed renewable for successive policy periods totaling not less than two years. A policy, however, though ''guaranteed renewable'' for successive policy periods, is renewed in fact by the timely payment of premiums. The policy in this case, although renewable, was not renewed.

The statutory requirement of notice of cancellation, contained in R. C. 3937.32,[a] does not require notice to ter-

---

[a]R. C. 3937.32 provides, in part:

"No cancellation of an automobile insurance policy is effective, unless it is pursuant to written notice to the insured of cancellation. * * *"

minate coverage where a policy has "lapsed." "Cancellation" is a term of precise definition, and refers to the termination of a policy by act of either or both of the parties to it, prior to the ending of the policy period. The term "lapse," on the other hand, refers to the termination of a policy because its policy period has expired. *Peterson* v. *Truck Insurance Exchange* (1974), 65 Wis. 2d 542, 223 N. W. 2d 579; *Beha* v. *Berger* (1927), 130 Misc. 235, 237, 223 N. Y. Supp. 726. See also 6 Couch on Insurance 2d 316, Section 32:92; *Shiaras* v. *Chupp* (1974), 18 Ill. App. 3d 722, 310 N. E. 2d 481. A notice of cancellation is required by R. C. 3937.32 only when the company terminates coverage under an insurance policy *prior to the expiration of the term for which it was written,* and then for one of the reasons enumerated in R. C. 3937.31.

Nor, absent policy language so providing, must an automobile liability insurance policy issued in the state of Ohio contain a "grace period" for the payment of renewal premiums. See *State Farm Mutual Auto. Ins. Co.* v. *Robison* (1970), 11 Ariz. App. 41, 461 P. 2d 520.

We hold that where an automobile liability insurance policy has lapsed and terminated for nonpayment of the renewal premium, R. C. 3937.30 through 3937.39 do not require the insurance company which issued said insurance policy to send a notice of cancellation to the policyholder.

The judgment of the Court of Appeals is reversed, and the order of the Superintendent of Insurance reinstated.

*Judgment reversed.*

O'Neill, C. J., Herbert and Stern, JJ., concur.
Corrigan, Celebrezze and W. Brown, JJ., dissent.

Corrigan, J., dissenting.

### I.

In view of the judgment and opinion of the majority and the confusion engendered thereby in the field of insurance law, I am constrained to dissent.

It is apparent that the controversy involved in the lawsuit must be reduced to its simplest terms. This embraces whether the word "cancellation," as applied to automobile liability insurance policies in Ohio, is governed by the clear definition of that word in R. C. 3937.31, or whether this court judicially legislates the meaning of "cancellation."

Under the statutes, it is clear that: (1) the provisions of R. C. 3937.30 to 3937.39, inclusive, concerning the renewal and cancellation of automobile liability insurance policies, are applicable to such policies issued for terms of six months; (2) the provision of R. C. 3937.31, that automobile liability insurance policies be guaranteed renewable for successive policy periods, totaling not less than two years, mandates that the periods follow each other without interruption; and (3) an insurer under an automobile liability insurance policy must comply with the cancellation requirements of R. C. 3937.30 to 3937.39, inclusive, before it can refuse to renew for a period commencing at the termination of the preceding period of coverage.

## II.

Defendant, Educator & Executive Insurers, Inc., issued its automobile liability insurance policy No. 162642 to plaintiff, David Robert Morey, on September 1, 1969. The policy term was from September 1, 1969, to March 1, 1970, "* * * and for six-month renewal periods if renewal premiums are paid as required. * * *" The policy was renewed continuously every six months until March 1, 1973.

On February 8, 1973, and February 20, 1973, defendant mailed renewal notices to plaintiff, each notifying him that the premium on policy No. 162642 was due on March 1, 1973. Each notice stated that, "[i]f not paid; policy expires 12:01 A. M." of the premium due date; and further, that "[p]ayment of the premium shown (before the due date) will extend your automobile insurance policy for six months from the premium due date shown above. *Remit today in order* to avoid oversight and to *assure continuous protection*." (Emphasis *sic*.)

Plaintiff received these notices from defendant before March 1, 1973, but did not open them until March 18, 1973. The record also reflects that defendant sent a letter to plaintiff, dated March 19, 1973, advising that his policy No. 162642 expired March 1, 1973.

On March 17, 1973, plaintiff was involved in an automobile accident in Florida. The next day, when plaintiff opened the earlier notices, he apprised defendant by telephone of the details of the accident and was told that his policy was cancelled. However, he mailed his check for the past due premium to defendant, which was received by it on March 20, 1973. Defendant accepted the premium payment and reinstated defendant's policy for the policy period from "3/20/73 to 9/20/73 and for six month renewal periods if renewal premiums are paid as required."

Plaintiff took the position that his policy of insurance should have been reinstated effective March 1, 1973, so that it would provide coverage for the accident of March 17, 1973. He requested, and was granted, a hearing before the Department of Insurance of Ohio, pursuant to the provisions of R. C. 3937.35.

Such hearing was conducted by insurance warden Thomas R. Anderson, on behalf of the Superintendent of Insurance. A determination was made by the hearing officer that the insurance policy under scrutiny expired at 12:01 a. m. on March 1, 1973. The Superintendent of Insurance modified the finding of the hearing officer to the effect that the reinstatement of the insurance policy was effective March 20, 1973, and was not retroactive to the renewal date of March 1, 1973.

The decision of the Superintendent of Insurance was appealed to the Court of Common Pleas of Franklin County, pursuant to R. C. 119.12. The Court of Common Pleas held that the decision of the superintendent was contrary to law and reversed that decision.

Appeal from that judgment was then lodged in the Court of Appeals which affirmed the judgment of the Court of Common Pleas.

### III A.

The fundamental issue posed to this court is whether the payment by plaintiff and acceptance by defendant of the renewal premium resulted in the renewal of the policy, effective March 1, 1973, which was the beginning of the policy renewal period, or whether it was effective on March 20, 1973, the date of the premium payment which resulted in the reinstatement of the policy?

Appellant has separated this question into five propositions of law, to which I will address myself *gradatim.*

As its first proposition of law, appellant maintains that: "The terms 'expiration' (or 'lapse') and 'cancellation' have contrary meanings in insurance law. 'Expiration' (or 'lapse') refers to the termination of a policy because its policy period has expired. 'Cancellation' refers to the termination of a policy by act of either or both of the parties to it, prior to the ending of the policy period."

Absent any contrary Ohio case law definitions or opposite Ohio statutory provisions, defendant's statement of law would be acceptable.

However, effective January 1, 1970, the General Assembly of Ohio enacted R. C. 3937.30 to 3937.39, inclusive, relative to cancellation and nonrenewal of automobile insurance policies. In pertinent part, R. C. 3937.31 of that enactment provides:

"(A) Every automobile insurance policy issued or renewed on or after the effective date of this act shall be issued for a policy period of not less than two years or *guaranteed renewable for successive policy periods* totaling not less than two years. Where renewal is mandatory, '*cancellation,*' as used in Sections 3937.30 to 3937.39, inclusive, of the Revised Code, *includes refusal to renew a policy* with at least the coverages, including insureds, and policy limits provided *at the end of the next preceding policy period.* No insured may cancel any such policy except pursuant to the terms of the policy and in accordance with Sections 3937.30 to 3937.39, inclusive, of the Revised Code and for one or more of the following reasons:

"` * * *

"(3) *Nonpayment of premium,* which means failure of the named insured to discharge when due any of his obligations in connection with the payment of premiums on a policy, or any installment of such premiums * * *." (All emphasis added.)

It is perfectly obvious that by its terms the automobile insurance policy with which we are concerned expired on March 1, 1973, and consequently did not provide coverage on the date of the accident, March 17, 1973. Likewise, it is unquestionably evident that the autmobile insurance policy being within the meaning of R. C. 3937.30 is governed by the provisions of R. C. 3937.31 and following sections relating to cancellation restrictions.

The condition in R. C. 3937.31 requires the automobile insurance policy to be "guaranteed renewable for successive policy periods totaling not less than two years." "Successive" means following each other without interruption.

Appellant urges that this policy was never cancelled but merely lapsed because of its termination date. It must be agreed that generally, in the law of insurance, there is a recognized distinction between expiration or lapse and cancellation. However, R. C. 3937.31 to 3937.39, inclusive, are clear that where renewal is mandatory, as in this case, *cancellation, as used in these sections, includes refusal to renew an automobile insurance policy.*

### III B.

Appellant's second proposition of law is that: "An automobile liability insurance policy issued in the state of Ohio is not required to contain a 'grace period' for the payment of renewal premiums."

Of course that is correct, but a careful examination of the record leaves me at a loss to understand where in the proceedings such a question was raised by appellee.

### III C.

Proposition of law No. 3, posed by appellant, is as follows:

"In order for an automobile liability insurance policy (which is guaranteed renewable and which contains no grace period) to be renewed at the end of a policy period, it is necessary for the policy holder to pay the renewal premium before the end of the policy period. If the policy holder does not do so, the policy automatically lapses and terminates of its own accord because its policy period has expired."

I am unable to agree with this statement of law. As pointed out under Part *III A, supra,* pursuant to R. C. 3937.31 where renewal is mandatory as in this case, cancellation, as used in R. C. 3937.30 to 3937.39, inclusive, includes refusal to renew an automobile insurance policy.

That being plain, I then move to consider R. C. 3937.-32, which is concerned with the notice of cancellation required. In pertinent part, R. C. 3937.32 reads:

"No cancellation of an automobile insurance policy is effective, unless it is pursuant to written notice to the insured of cancellation. Such notice shall contain:
"* * *

"(E) Where cancellation is for nonpayment of premium at least ten days notice from the date of mailing of cancellation accompanied by the reason therefor shall be given."

No notice of cancellation was sent to the policyholder in this case.

### III D.

Asserted by appellant as proposition of law No. 4 is the following:

"Where an automobile liability insurance policy has lapsed and terminated for nonpayment of the renewal premium, Sections 3937.30 through 3937.35 of the Ohio Revised Code do not require the insurance company that had issued such insurance policy to send a notice of cancellation to such policy holder."

Foreign citations are not needed to assist in discerning the plain meaning of the Ohio statutes to which reference is made. I have covered the points involved under

Parts *III A* and *III C, supra,* and for those reasons reject proposition of law No. 4.

### *III E.*

Finally, as its proposition of law No. 5, appellant contends that:

"The acceptance by an insurance company of a past-due insurance renewal premium with notice of a loss occurring during the period of default, but after notifying the policyholder that he has no coverage for such loss, does not constitute a waiver of the late payment of the premium with resultant coverage for the loss, and the insurance company may properly issue its insurance policy effective on the date on which it receives the past-due insurance premium."

I am not in disagreement with appellant on this legal principle because the record before us clearly reflects that the insured, David Robert Morey, was not misled into believing that he would have insurance coverage for his accident by paying his overdue renewal premium payment. He was, in fact, told that his policy was cancelled when he called appellant insurance company on March 18, 1973, to report the loss. He knew that the renewal premium was overdue. This was evidenced in the following cross-examination of Morey by counsel for appellant at the hearing conducted in the Department of Insurance on April 17, 1973:

"Q. And then, I believe, you called the company, did you not, and reported the accident?

"A. Yes.

"Q. And what, if anything, was told to you?

"A. All right. Well, first, we discussed the details of the accident and then, I brought up the fact that I had an overdue premium and asked whether the policy was in force. I was told that it was cancelled.

"Q. Well, were you told that it had lapsed or that it was cancelled?

"A. I was told that it was cancelled.

"Q. You knew that it had lapsed, though, did you not, that the policy had lapsed?

"A. I knew that the premium was past due."

When the insurance company received the overdue premium payment, a policy was issued to the insured for six months commencing on the date the premium was received.

### IV.

Accordingly, I would hold that this case is controlled by R. C. 3937.31 and 3937.32; that applying the first of these sections, there was a cancellation of the automobile insurance policy of appellee under the facts of this case; and, that there was a failure of the written notice of cancellation required under the latter section.

For the foregoing reasons, in my opinion, the judgment of the Court of Appeals should be affirmed.

W. Brown, J., concurs in the foregoing dissenting opinion.