BROWN, *Petitioner,*

*v.*

MOTOR VEHICLES DIVISION, *Respondent.*

(No. CA 9009)

592 P2d 1086

Dean Heiling, Roseburg, argued the cause for petitioner. With him on the brief was Heiling & McIntosh, Roseburg.

W. Benney Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Lee, and Gillette, Judges.

GILLETTE, J.

**GILLETTE, J.**

Petitioner seeks judicial review of an order issued by the Motor Vehicles Division (Division) suspending petitioner's license and registration under ORS 486.211 for failure to provide proof of future financial responsibility.[1] The issue is whether petitioner was covered by insurance at the time he was involved in an automobile accident.[2] We agree with the Division that he was not and affirm.

Petitioner was involved in an automobile accident on August 11, 1976. At that time, he was driving an automobile registered to him. The accident fell within the scope of ORS 486.106, requiring the driver to submit an accident report and information to enable the Division to determine if liability insurance was in force at the time of the accident. The petitioner filed the accident report and named Farmers Insurance Group as his liability insurer. In response to a written inquiry by the Division, Farmers indicated that petitioner's policy had been cancelled on July 15, 1976, almost a month before the accident.

The Division then conducted a series of hearings to determine whether petitioner was insured at the time

---

[1] ORS 486.211(2) states:

"Except as otherwise provided in ORS 482.820, the division shall revoke or suspend the license and the vehicle registration for all vehicles of any person who:"* * * *"(2) Fails to file with the division proof of future responsibility when such proof is required of him by this chapter.

ORS 486.021(1) details when such proof is required:

"(1) Following notice to the division of an accident originating from the operation of a vehicle upon any highway within this state which has resulted in damage to the property of any one person in excess of $200 or injury or death to person, the driver and owner of a vehicle which is any manner involved shall except as otherwise provided by this chapter within 30 days file with the division and thereafter maintain for a period of three years proof of future responsibility."

[2] ORS 486.041(3) exempts from the requirement of filing proof of future responsibility under ORS 486.021(2) both the driver and owner who were covered by some form of liability insurance at the time of the accident.

[585]

of the accident. The hearings officer made findings of fact on the following chronological developments:

1. On June 30, 1976, Farmers mailed petitioner a notice of cancellation which stated that his coverage would be cancelled effective July 15, 1976, for non-payment of premium. The notice also stated that if payment was received before the cancellation date, the policy would be continued in force without interruption.

2. On August 1, 1976, Farmers mailed to petitioner an "Out-of-Force Notice" which advised petitioner that his policy had been cancelled as of July 15, 1976. The notice also stated:

"To reinstate Account, submit $44.50 by 9/12/76. Account will be reinstated on the date total premium due is received."

3. On September 6, 1976, petitioner mailed Farmers a check for $100.

The hearing officer found that petitioner was without liability insurance for the period from July 15 through September 6, 1976, and that petitioner resumed coverage on September 7, 1976.[3]

Petitioner argues on appeal that Farmers' offer to "reinstate" his account was an offer to restore uninterrupted coverage for the period of time represented by the premium in arrears, and that by mailing in the check for $100.00 and thereby accepting Farmers' offer, petitioner should have been retroactively provided with coverage on the date of the accident.

We disagree. The import of the chronology as set out above is clear. The nature and quantity of the notices provided petitioner were more than adequate to establish that he was without insurance coverage as of July 15, 1976. There is no ambiguity in the label "OUT-OF-FORCE NOTICE." Nor is there any ambiguity in the phrase "THIS ACCOUNT HAS BEEN CANCELLED FOR NON-PAYMENT OF PREMIUM.

---

[3] The resumption of coverage was short-lived, however. Petitioner's policy was cancelled at his request on September 27, 1976.

CANCELLATION DATE 7/15/76." Petitioner's attempt to create an ambiguity by focusing on the offer to reinstate the account is misplaced. We think the meaning of the offer to "reinstate", set out as it was in small print at the bottom of the out-of-force notice, means an offer to restore to petitioner insurance coverage of the same character as he previously had enjoyed, but that such coverage would only be effective from and after the date on which the premium was paid, as indicated in the notice. It was not an offer to retroactively provide uninterrupted coverage. *Morey v. Educator & Executive Insurers, Inc.*, 45 Ohio St. 2d 196, 342 NE 2d 691 (1976); *See Farmers Insurance Co. v. Hall*, 567 SW 2d 296 (Ark. 1978); *Farm Bureau Mutual Casualty Co. v. Stein*, 284 Minn 407, (70 NW 2d 334 (1969); *Allen v. National Accident & Health Ins. Co.*, 215 N.C. 70, 1 SE 2d 94 (1939).

The Division's determination that petitioner was uninsured on the date of the accident was correct.

Affirmed.