STARCHER, APPELLANT, *v.*
RESERVE INSURANCE COMPANY ET AL., APPELLEES.

(No. 39927—Decided May 1, 1980.)

*Davis & Young Co., L.P.A.,* and *Mr. C. Richard McDonald,* for appellant.

*Quandt, Giffels & Buck Co., L.P.A.,* and *Mr. Richard J. Giffels,* for appellee Edwin J. Bonza.

*Messrs. Hermann & Hermann* and *Mr. Gary D. Hermann,* for appellee Reserve Insurance Company.

*Mr. Richard A. Goulder,* for appellees Evans and Shirley Jackson.

*Mr. Bernard L. Kahn,* for appellee Nationwide Mutual Insurance Company.

DAY, J.   Plaintiff-appellant, Dennis Starcher (plaintiff), instituted a declaratory judgment action against defendants-appellees, Edwin J. Bonza, d.b.a. Edwin J. Bonza & Company (Bonza), Reserve Insurance Company (Reserve), and Evans O. and Shirley Jackson (individual defendants). The complaint was amended to include Nationwide Mutual Insurance Company (Nationwide) as a defendant. It sought a declaration of coverage under an automobile insurance policy issued by Reserve (liability policy No. 71 2583) and sold to plaintiff by Bonza. The trial court granted separate motions to dismiss filed by Bonza and Reserve. Both were treated as motions for summary judgment.[1]   For reasons assessed below, the judgments are reversed.

---

[1] The dismissals reached the whole complaint as amended and, therefore, all defendants, thus obviating the application of Civ. R. 54(B) despite the failure to mention Shirley Jackson by name in the orders of dismissal.

## I.

The affidavits of plaintiff and his wife allege these facts:

Plaintiff was issued an automobile insurance policy by Reserve through Bonza. The policy was effective July 10, 1974 (even though the premium was paid July 19, 1974), and had an expiration date of July 10, 1975. In June 1975, plaintiff received a bill from Bonza for the renewal premium. On July 16, 1975, plaintiff was hospitalized following an automobile accident. The next day his wife reported the accident to Bonza. Bonza requested details of the accident and asked her to investigate the scene. He also advised her that there was no collision insurance on the vehicle, only liability coverage. She was not told that the policy had been canceled or otherwise terminated. She investigated the scene and reported back to Bonza advising him that she would soon come to his office to deliver the premium check. On July 21, 1975, plaintiff claims, his wife delivered a check for a renewal premium to Bonza. The check was accepted and she was never "directly advised" that the accident was not covered.

Bonza's affidavit asserts that on June 14, 1975, a notice of an offer to renew the policy from July 10, 1975, to July 10, 1976, was mailed to plaintiff. Bonza swore the notice indicated that coverage would not become effective until the premium had been remitted (plaintiff's affidavits were to the contrary). Bonza also swore that plaintiff failed to remit the premium on or before July 10, 1975, that the premium was received on July 20 "at which time", the policy was rewritten, effective from July 20, 1975, to July 20, 1976; and that this "rewriting" was accomplished by penciling in "July 20" on the notice which was mailed to plaintiff on June 14.

Plaintiff filed a timely appeal and assigned one error:

"The trial court erred in granting the defendants' Motion for Summary Judgment as genuine issues of material fact exist and the granting of summary judgment was contrary to law."

## II.

Plaintiff contends, first, that it was error to grant summary judgment because Reserve failed to comply with the notice provisions of R. C. 3937.32 prior to canceling the policy for nonpayment of premiums.

In *Morey* v. *Educator & Executive Insurers* (1976), 45 Ohio St. 2d 196, 199, the Supreme Court held:

"* * * A notice of cancellation is required by R. C. 3937.32 only when the company terminates coverage under an insurance policy *prior to the expiration of the term for which it was written,* and then for one of the reasons enumerated in R. C. 3937.31.

"* * *

"We hold that where an automobile liability insurance policy has lapsed and terminated for nonpayment of the renewal premium, R. C. 3937.30 through 3937.39 do not require the insurance company which issued said insurance policy to send a notice of cancellation to the policyholder." (Emphasis *sic.*)

Plaintiff attempts to distinguish *Morey* on the ground that the renewal notices to the insured in *Morey* contained express statements to the effect that the policy would expire if payment was not received before the policy's expiration date. In contrast, plaintiff urges, there is, at best, a factual dispute as to whether the renewal notice here contained such a warning.

This is a distinction without a difference. For the decision in *Morey* rests upon a distinction between the terms "cancellation" and "lapse". There is nothing in the opinion to indicate that the decision depends upon the presence or absence of a warning in the renewal notice.

### III.

Plaintiff also claims error in the trial court's judgment because there are material and genuine issues of fact in dispute which relate to the question of waiver or estoppel on the part of Bonza and Reserve. Specifically, plaintiff contends that the acceptance of a late premium with knowledge of the loss, by the insurance company, presents a factual question concerning waiver, thus rendering summary judgment inappropriate.

Plaintiff alleged in his affidavit that several late premium payments for prior policies were accepted by Reserve. Neither Reserve nor Bonza deny this prior course of conduct. Bonza alleges that the renewal notice contained a warning that the policy would lapse if the premium was not paid when due. Plaintiff denies that the notice contained such a statement (see

Part I, *supra*).[2] Finally, plaintiff's wife states that she was never told that there was no coverage, even when she submitted the premium to Bonza. While Bonza does not deny this, he contends that the renewal notice was marked at the time of payment to indicate that coverage was effective only as of the date of payment. The record is unclear whether the date of payment was July 20 or July 21. There is nothing in Bonza's affidavit, however, to indicate that this was done in the presence of plaintiff's wife or that she was told that the July 16 accident was not covered.

A number of factors are relevant to a determination of whether the insurer has waived timely payment of premiums or is otherwise estopped from denying coverage. The basic issue is whether the insurer's acts are consistent or inconsistent with a theory of waiver or estoppel. Therefore, the plaintiff's contention that genuine issues of material fact remain for resolution is well taken.

The acceptance of late premiums by the insurer or its agent may constitute waiver, cf. *Ohio Farmers' Insurance Co.* v. *Wilson* (1904), 70 Ohio St. 354, 359; *Miraldi* v. *Life Ins. Co. of Virginia* (1971), 48 Ohio App. 2d 278, 281-282; *Van Hulle* v. *State Farm Mutual Automobile Ins. Co.* (1969), 44 Ill. 2d 227, 230-231, 254 N.E. 2d 457. Knowledge of an intervening loss is normally a prerequisite to waiver, *Miraldi, supra,* at 281; *Van Hulle, supra,* at 231. The adequacy of the notice of loss, *Insurance Co. of North America* v. *Renfro* (1926), 121 Okla. 124, 126, 247 P. 990, and the authority of the agent to receive premiums, late or otherwise, *Union Mutual Life Ins. Co.* v. *McMillen* (1873), 24 Ohio St. 67, 81-83; *Van Hulle, supra,* at

---

[2] The notice attached to Bonza's motion is not certified and cannot be properly considered on a motion for summary judgment, Civ. R. 56(E). Nevertheless, Bonza's affidavit, as noted in the text, *supra,* contains the allegation that "[t]he notice indicated on its face that the additional year of insurance coverage would not become effective until the premium had been remitted". But even if the notice did contain the warning, this is not conclusive on the issue of waiver. Moreover, whether the notice, in fact, contained the warning may be relevant in determining whether there was compliance with the following policy provision:

"* * * [I]f the Named Insured fails to discharge when due any of his obligations in connection with the payment of premiums for this policy or any installment thereof, this policy may be cancelled by the Company by mailing to such insured, by first class mail, written notice stating when not less than ten days thereafter such cancellation shall be effective.* * *"

231; *Pastucha* v. *Roth* (1939), 290 Mich. 1, 11-12, 287 N.W. 355, may be pertinent considerations.

The acts of the insurer following acceptance are also relevant. Seeking and receiving cooperation from the insured, for example, may be of some import in ascertaining whether waiver exists, *Seavey* v. *Erickson* (1955), 244 Minn. 232, 245-247, 69 N.W. 2d 889. And if the proof shows that the late premium was tendered with the understanding that there would be coverage, this, too, is probative on the waiver issue, *Van Hulle, supra,* at 232.

On the other hand, an absence of liability may be found where the insurer's acts are not necessarily consistent with a theory of waiver. This might be true here were it found to be the fact that it was clearly communicated to the insured by word or deed that coverage for the loss would not be honored unless the premium was received before the expiration date, *McFarland* v. *Farm Bureau Mutual Automobile Ins. Co.* (1953), 201 Md. 241, 250, 93 A. 2d 551; *Forrester* v. *State Farm Mutual Ins. Co.* (1958), 97 Ga. App. 618, 620, 621-622, 103 S.E. 2d 619; see, also, *Schwer* v. *Benefit Assn. of Railway Employees, Inc.* (1950), 153 Ohio St. 312, 322-323.

Finally, a prior course of conduct in accepting late premiums may be of consequence in determining whether there has been a waiver or whether the insurer is estopped from denying coverage, *Shatter* v. *National Life & Accident Ins. Co.* (1935), 19 Ohio Law Abs. 216, 220; *Schwer, supra,* at 321-322; *Hoffman* v. *Aetna Life Ins. Co.* (1938), 60 Ohio App. 497, 501-502; *Van Hulle, supra,* at 231; cf. *McFarland, supra,* at 248-249; *Pastucha, supra,* at 9-10.

## IV.

The events recited in Part I, *supra,* reveal that there are disputed issues of fact. These are material to a determination of waiver or estoppel. Therefore, summary judgments were inappropriate.

The judgments are reversed as to all defendants and the cause remanded for further proceedings according to law.

*Judgments reversed*
*and cause remanded.*

JACKSON, P. J., and CORRIGAN, J., concur.