VALMAC INDUSTRIES, INC., Appellant,

v.

ECOTECH MACHINERY, INC., Appellee.

[Cite as *Valmac Industries, Inc. v. Ecotech Mach., Inc.* (2000), 137 Ohio App.3d 408.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 17990.

Decided April 7, 2000.

*Richard L. Carr, Jr.,* and *Thomas A. Ballato,* for appellant.

*Michael W. Krumholtz* and *Richard Allan Kaye,* for appellee.

GRADY, Presiding Judge.

This is an appeal from an order granting a defendant's motion to dismiss for lack of personal jurisdiction.

In 1996, plaintiff–appellant, Valmac Industries, Inc. ("Valmac") agreed to purchase an industrial grinder from defendant–appellee, Ecotech Machinery, Inc. ("Ecotech"). The agreed price was $145,000, payable by a deposit of $5,000 with the balance due in thirty days. The agreement was conditioned on Valmac's obtaining five-year lease/purchase financing for the amount of the balance.

Ecotech delivered the grinder to Valmac's place of business in Ohio on February 28, 1997. Several days later Valmac received an invoice from Ecotech, which is located in the state of Georgia, for the balance due. The following statement was printed on the reverse side of the invoice:

"For all disputes or controversies which may arise in connection with this Contract, the parties hereby consent to the jurisdiction and venue of the Courts of the State of Georgia, and of the Federal Court sitting in the State of Georgia."

Valmac had secured an agreement to finance its lease/purchase of the grinder from BancOne Leasing Corporation. Valmac furnished BancOne a copy of the front side of the Ecotech invoice that showed the balance due, but not the reverse side bearing the clause shown above. BancOne paid the invoice amount and Ecotech transferred title to the grinder to BancOne.

Problems developed with the grinder. When they were not resolved to Valmac's satisfaction, Valmac commenced this action in the court of common pleas of Montgomery County, alleging breach of contract and breach of warranty. Ecotech answered, alleging, *inter alia,* a lack of personal jurisdiction. In due course, Ecotech filed a motion for dismissal or summary judgment, alleging a lack of personal jurisdiction in the Ohio court based on the forum-selection clause quoted above. The trial court granted the motion to dismiss. Valmac filed a timely notice of appeal.

## First Assignment of Error

"The trial court does have personal jurisdiction over the defendant as the forum selection clause was not part of the agreement reached between Valmac and the defendant."

## Second Assignment of Error

"As the forum selection clause was a not part of the agreement between the parties, Ohio's 'long arm statute' and case law clearly vested the trial court with personal jurisdiction over the defendant."

It is undisputed that Ecotech was properly served with Valmac's complaint and summons in compliance with R.C. 2307.382, Ohio's long-arm statute. Neither is it disputed that Ecotech preserved its jurisdictional objection in the manner that Civ.R. 12(B) requires by including that defense in the answer that it filed. The narrow issue presented is whether the trial court lacked personal jurisdiction over Ecotech, as it found that it did, because of the forum-selection clause.

The term *jurisdiction* refers to the authority conferred by law on a court to exercise its judicial power in a case or controversy before it. Jurisdiction is of two types. Subject matter jurisdiction refers to the authority that a court

has to hear the particular claim brought to it and to grant the relief requested. Personal jurisdiction refers to the authority that a court has over the defendant's person, which is required before a court can enter a judgment adverse to his legal interests. *Pennoyer v. Neff* (1877), 95 U.S. 714, 24 L.Ed. 565. Whether a court has jurisdiction of the subject matter of an action and of the parties to that action is a question of law. *Burns v. Daily* (1996), 114 Ohio App.3d 693, 683 N.E.2d 1164. Therefore, the parties to an action cannot, purely by their agreement, invest a court with jurisdiction or deprive the court of jurisdiction that by law it has.

██ It follows from the foregoing principles that the forum-selection clause that Ecotech placed on the invoice it sent to Valmac could not deprive the Ohio court of jurisdiction that by law it otherwise has. If the court has jurisdiction, the clause at most permits the court to decline to exercise it, reasoning that by agreeing to the clause the parties waived their right to invoke the court's jurisdiction. Annotation, Validity of Contractual Provisions Limiting Place or Court in Which Action May Be Brought (1984), 31 A.L.R.4th 404. The court could reasonably do so here only if the clause is binding on the parties and if, by its terms, they may be found to have waived their right to commence an action in Ohio.

██ Whether the clause is binding on the parties is unclear. Their contract was complete upon their mutual exchange of promises in 1996. The lease/purchase financing condition that was attached to it did not permit Ecotech to unilaterally modify the contract's material terms. 18 Ohio Jurisprudence 3d (1980), Contracts, Section 279. Ecotech's addition of the forum-selection clause was an effort to do just that. However, Valmac may be found to be bound by the modification if Valmac ratified the modification by its subsequent conduct. *Software Clearing House, Inc. v. Intrak, Inc.* (1990), 66 Ohio App.3d 163, 172, 583 N.E.2d 1056, 1061. Even so, a modification of a contract must be supported by additional consideration, unless the contract is not for the sale of goods. R.C. 1302.12(A). *Bennett v. Fier* (July 2, 1998), Greene App. No. 97–CA–116, unreported, 1998 WL 350538.

██ On this record, the foregoing issues, which are rife with genuine issues of material fact, must be resolved before Valmac may be found to have waived its right to commence an action on its contract in Ohio. A more fundamental issue must first be resolved, however: whether the forum-selection clause operates to waive that right at all.

██ The clause that Ecotech added to its invoice merely states that "for all disputes" concerning their contract the parties "consent to the jurisdiction and venue of the State of Georgia, and of the Federal Courts sitting the State of

Georgia." Concurrent jurisdiction in two or more states is not unheard of, and in complex commercial transactions of this kind is common. The clause plainly waives any right that either party has to *object* to personal jurisdiction in Georgia. It does not, however, clearly provide that they also waived their right to commence an action on the contract in Ohio, if Ohio has jurisdiction. Because the clause is ambiguous in that regard, the intent of the parties in that respect must be determined by a trier of fact. *Lelux v. Chernick* (1997), 119 Ohio App.3d 6, 694 N.E.2d 471. It follows, therefore, that the court could not determine that issue, or whether the clause was a part of the parties' contract, from the pretrial motions that Ecotech filed.

Valmac's assignments of error are sustained. The order from which the appeal is taken is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WOLFF and FAIN, JJ., concur.