Filed 5/24/01 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2001 ND 101

Triple Quest, Inc., Plaintiff and Appellant

v.

Cleveland Gear Company, Inc., Defendant and Appellee

No. 20000281

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Lawrence A. Leclerc, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Maring, Justice.

Gordon Henry Hansmeier, Rajkowski Hansmeier Ltd., P.O. Box 1433, St. Cloud, MN 56302-1433, for defendant and appellee.

Sidney J. Spaeth, Vogel, Weir, Hunke & McCormick, Ltd., P.O. Box 1389, Fargo, N.D. 58107-1389, for appellant.

Monte L. Rogneby (on brief), Vogel Law Firm, P.O. Box 2097, Bismarck, N.D. 58502-2097, for appellant.

Triple Quest v. Cleveland Gear Co.

No. 20000281

Maring, Justice.

[¶1] Fun Flight, LLC (“Fun Flight”), as the successor in interest to the claims of Triple Quest, Inc. (“Triple Quest”), appealed from an order dismissing, without prejudice, its damage action against Cleveland Gear Company, Inc. (“Cleveland Gear”).  We conclude the order dismissing the action without prejudice based on a contractual forum selection clause is appealable and Fun Flight has standing to pursue the appeal.  We further hold the trial court erred in ruling the forum selection clause, as a matter of law, granted exclusive jurisdiction over this action to the courts of Ohio and in ruling, as a matter of law, Cleveland Gear did not waive its right to rely on the forum selection clause.  We reverse and remand for further proceedings.

I

[¶2] In August 1997, Triple Quest sued Cleveland Gear, an Ohio corporation, in Cass County district court seeking damages for defective gear boxes it had purchased from the company.  In its answer, Cleveland Gear asserted various defenses under the parties’ contract, including an alleged agreement between the parties to litigate contract claims under Ohio law and to venue the action in Cuyahoga County, Ohio.  Cleveland Gear also counterclaimed for money due and owing under the contract.

[¶3] After conducting discovery, Cleveland Gear moved in May 1999 for partial summary judgment, arguing Ohio law governed the claims between the parties under the contract and Triple Quest’s damages should be limited to the amount it paid Cleveland Gear for the gear boxes.  Cleveland Gear did not argue at that time a forum selection clause located in the same paragraph as the choice-of-law clause mandated litigation of the case in Ohio.  The trial court denied Cleveland Gear’s request to limit damages, but ruled Ohio law would govern the dispute between the parties.

[¶4] In May 2000, Ralph Thomas, a creditor of Triple Quest, purchased all of Triple Quest’s assets at a sheriff’s sale.  Thomas subsequently assigned his interest in the assets to Fun Flight.  Cleveland Gear moved to compel production of documents concerning the sale of Triple Quest’s assets.  At the hearing on the motion, Fun Flight argued it was a successor in interest to Triple Quest’s right of recovery under the suit, but could not be liable for any judgment on Cleveland Gear’s counterclaim.  The court granted Cleveland Gear’s motion to compel production of documents, but did not rule on Fun Flight’s role in the action.

[¶5] At the trial court’s suggestion, Cleveland Gear moved to dismiss the action without prejudice so the parties’ agreement “to venue this matter in [Cuyahoga] County, Ohio” could be enforced.  Fun Flight argued the forum selection clause was not exclusive and, alternatively, that Cleveland Gear had waived reliance on the clause by raising affirmative claims in North Dakota court and litigating the action here for three years.  The trial court dismissed the action without prejudice, ruling that, under the parties’ contract “the proper venue for this case and the jurisdiction for it is in the state of Ohio,” and Cleveland Gear had not waived reliance on the forum selection clause.  The court did not rule on Fun Flight’s motion to substitute parties and to amend the caption of the case.  Fun Flight appealed.

II

[¶6] Cleveland Gear argues the trial court’s order is not appealable because it dismisses the action without prejudice.

[¶7] We explained the general rule in 
State v. Gwyther
, 1999 ND 15, ¶ 10, 589 N.W.2d 575:

In civil cases it is well-settled that an order dismissing the complaint without prejudice is not appealable.  
See, e.g.
, 
Kouba v. FEBCO, Inc.
, 1998 ND 171, ¶ 4, 583 N.W.2d 810; 
Community Homes of Bismarck v. Clooten
, 508 N.W.2d 364, 365 (N.D. 1993).  Those holdings are based upon the civil appeals statute, N.D.C.C. § 28-27-02.  This Court has noted that, because either side may commence another action after a civil complaint is dismissed without prejudice, the order dismissing the action neither “determines the action” nor “prevents a judgment from which an appeal might be taken,” as required under N.D.C.C. § 28-27-02(1).  
Clooten
, 508 N.W.2d at 365; 
Runck v. Brakke
, 421 N.W.2d 487, 488 (N.D. 1988).

[¶8] Although we have held that an order granting a motion for change of venue within the state requires a N.D.R.Civ.P. 54(b) certification to invoke our interlocutory appellate jurisdiction, 
see, e.g.
, 
Copenhaver v. Geier
, 508 N.W.2d 877 (N.D. 1993), this Court has not addressed whether an order dismissing an action without prejudice on the ground that jurisdiction or venue is proper in another state is an appealable order.  Courts have held, however, that dismissal of an action to enforce a forum selection clause directing litigation be conducted in another jurisdiction is an appealable order, even though it is not on the merits and is without prejudice.  
See, e.g.
, 
Autoridad de Energia Electrica de Puerto Rico v. Ericsson, Inc.
, 201 F.3d 15, 17-

18 (1st Cir. 2000); 
Florida Polk County v. Prison Health Services, Inc.
, 170 F.3d 1081, 1083 (11th Cir. 1999); 
Milk ‘N’ More, Inc. v. Beavert
, 963 F.2d 1342, 1345 (10th Cir. 1992); 
Pelleport Investors, Inc. v. Budco Quality Theaters, Inc.
, 741 F.2d 273, 277-78 (9th Cir. 1984); 
Whelan Security Co., Inc. v. Allen
, 26 S.W.3d 592, 595 (Mo. App. 2000).  Those courts reason a trial court’s dismissal without prejudice has the practical effect of terminating the litigation in the plaintiff’s chosen forum, and is therefore final in the sense that it terminates the controversy in either the state or federal court in which the action was brought.  

[¶9] In 
Pelleport
, 741 F.2d at 277, the court considered whether an order enforcing a forum selection clause, resulting in the action being transferred from federal to state court, was appealable as a “collaterally final” order under federal law.  To constitute a collaterally final order under 28 U.S.C. § 1291, “‘the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.’” 
Pelleport
, 741 F.2d at 278 (quoting 
Coopers & Lybrand v. Livesay
, 437 U.S. 463, 468 (1978)).  The court ruled the order was appealable, reasoning:

The district court’s order meets all three criteria.  The order conclusively determines enforceability of the clause, an issue completely separate from the merits of Pelleport’s breach of contract claim.  The order is otherwise unreviewable, because it puts the parties out of federal court, and the district court’s decision would be res judicata in the state court.

Pelleport
, 741 F.2d at 278.

[¶10] The same reasoning applies here.  The trial court’s order has the practical effect of “determin[ing] the action” under N.D.C.C. § 28-27-02(1), because it terminates the action in North Dakota by permanently putting the parties out of any North Dakota district court.  
See generally
 N.D.Const. art. VI, §§ 1 and 8 (referring to a single “district court” under the unified judicial system).  Interpretation of the forum selection clause is an issue completely separate from the merits of Triple Quest’s claims for breach of contract.  The order dismissing the action without prejudice to be refiled only in Ohio also “prevents a judgment from which an appeal might be taken” under N.D.C.C. § 28-27-02(1), because there is no action remaining in this state, the same action could not be brought in this state, and the trial court’s decision would be res judicata in an Ohio court.  
See generally
 
Minex Resources, Inc. v. Morland
, 518 N.W.2d 682, 687 (N.D. 1994) (holding res judicata prohibits relitigation of claims raised in prior action between same parties or their privies which were resolved by final judgment in a court of competent jurisdiction).

[¶11] We conclude the trial court’s order in this case is appealable.

III

[¶12] Cleveland Gear argues Fun Flight has no standing to pursue this appeal.

[¶13] A party is entitled to have a court decide the merits of a dispute only after demonstrating standing to litigate the issues placed before the court.  
North Dakota Council of School Administrators v. Sinner
, 458 N.W.2d 280, 282 (N.D. 1990).  To be entitled to appeal a district court order to this Court, the party must be aggrieved by the order by having some legal interest that may be enlarged or diminished by the order.  
Bernhardt v. Rummel
, 319 N.W.2d 159, 160 (N.D. 1982).  A contractual assignment of rights may confer standing to pursue an appeal.  
See
 
Rebel v. Nodak Mutual Ins. Co.
, 1998 ND 194, ¶ 10, 585 N.W.2d 811.  Here, Fun Flight received an assignment of Triple Quest’s interests from the purchaser of Triple Quest’s assets.  Cleveland Gear nevertheless argues Fun Flight has no standing because Fun Flight has not been joined or substituted as a party to this action.

[¶14] When an interest is transferred during an action, N.D.R.Civ.P. 25(c) provides “the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.”  Fun Flight moved to be substituted as a party, but the trial court dismissed the action without ruling on the motion.  Even if the trial court’s failure to rule constitutes a denial of the motion, the trial court did not err and Fun Flight nevertheless has standing to pursue this appeal.

[¶15] In 
North Dakota Mineral Interests, Inc. v. Berger
, 509 N.W.2d 251, 254 (N.D. 1993), the plaintiff argued the trial court erred in allowing the defendant to maintain his claim to a lien after the defendant assigned his interest to a third party.  This Court found meritless the plaintiff’s argument that, because the trial court did not join the third party in the action, the trial court should not have allowed the case to continue because the third party, and not the defendant, had become the real party in interest.

This lien assignment occurred about five months after the action began.  Although NDRCivP 17, requiring that an action be brought in the name of the real party in interest, controls when an interest has been transferred before the suit is begun, NDRCivP 25(c) controls when an interest is transferred during the action.  7C Wright, Miller, & Kane, 
Federal Practice and Procedure: Civil 2d
, § 1958 . . . One treatise explains:

The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred.  The action may be continued by or against the original party, and the judgment will be binding on his successor in interest even though he is not named.  An order of joinder is merely a discretionary determination by the trial court that the transferee’s presence would facilitate the conduct of the litigation.

. . . Since the matter is discretionary [the court] may refuse substitution if this seems the wisest course.

7C Wright, Miller, & Kane, 
Federal Practice and Procedure: Civil 2d
, § 1958, at pp. 555, 557, 560 [footnotes omitted].  Even if [the plaintiff] had proceeded under NDRCivP 25(c), we could not say the trial court abused its discretion in refusing to substitute or join [the third party] in this case.

Berger
, 509 N.W.2d at 254-55.  Consequently, when an interest has been transferred during an action, the transferee need not be substituted or joined as a party to bring an appeal.

[¶16] To hold Fun Flight has no standing to pursue this appeal would be completely inconsistent with the purposes of N.D.R.Civ.P. 25(c).  
See
 
Hilbrands v. Far East Trading Co., Inc.
, 509 F.2d 1321, 1323 (9th Cir. 1975) (construing Fed.R.Civ.P. 25(c)).  We conclude Fun Flight has standing to appeal.
(footnote: 1)

IV

[¶17] Fun Flight argues the trial court erred in concluding the forum selection clause required this case to be litigated exclusively in Ohio.

[¶18] The trial court ruled Ohio law governs the dispute between the parties.  This ruling was not challenged on appeal, and, therefore, we apply Ohio law to this case.  Because the trial court considered matters outside the pleadings to decide the motion to dismiss, we review the dismissal as granting a motion for summary judgment.  
See
 
State ex rel. Scanlon v. Deters
, 544 N.E.2d 680, 682 (Ohio 1989), 
overruled on other grounds
, 
State ex rel. Steckman v. Jackson
, 639 N.E.2d 83, 89 (Ohio 1994).  The principal purpose of summary judgment under Ohio law is to enable movement beyond allegations in pleadings and to analyze the evidence so as to ascertain whether an actual need for trial exists.  
Ormet Primary Aluminum Corp. v. Employers Ins. of Wausau
, 725 N.E.2d 646, 653 (Ohio 2000).  Summary judgment is proper when there remains no genuine issue of material fact to be litigated and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law.  
Welco Industries, Inc. v. Applied Cos.
, 617 N.E.2d 1129, 1132 (Ohio 1993).

[¶19] In 
Aultman Hosp. v. Cmty. Mut. Ins. Co.
, 544 N.E.2d 920, 923 (Ohio  1989), the Ohio Supreme Court explained:

In construing any written instrument, the primary and paramount objective is to ascertain the intent of the parties.  The general rule is that contracts should be construed so as to give effect to the intention of the parties. . .  Where the parties, following negotiations, make mutual promises which thereafter are integrated into an unambiguous written contract, duly signed by them, courts will give effect to the parties’ expressed intentions.

(citations omitted).  A contract is ambiguous if the contract language is susceptible of two conflicting but reasonable interpretations.  
United Tel. Co. v. Williams Excavating, Inc.
, 707 N.E.2d 1188, 1200 (Ohio App. 1997).

[¶20] The contract in this case provides, “Buyer and Seller consent to the jurisdiction of the courts of the State of Ohio and to venue in Cuyahoga County.”  In 
Valmac Indus., Inc. v. Ecotech Mach., Inc.
, 738 N.E.2d 873, 874 (Ohio App. 2000), the Ohio Court of Appeals construed a forum selection clause substantively identical to the one in this case, which stated “‘For all disputes or controversies which may arise in connection with this Contract, the parties hereby consent to the jurisdiction and venue of the Courts of the State of Georgia, and of the Federal Court sitting in the State of Georgia.’”  The court stated:

The clause that Ecotech added to its invoice merely states that “for all disputes” concerning their contract the parties “consent to the jurisdiction and venue of the State of Georgia, and of the Federal Courts sitting [in] the State of Georgia.”  Concurrent jurisdiction in two or more states is not unheard of, and in complex commercial transactions of this kind is common.  The clause plainly waives any right that either party has to 
object
 to personal jurisdiction in Georgia.  It does not, however, clearly provide that they also waived their right to commence an action on the contract in Ohio, if Ohio has jurisdiction.  Because the clause is ambiguous in that regard, the intent of the parties in that respect must be determined by a trier of fact.  
Lelux v. Chernick
 (1997), 119 Ohio App.3d 6, 694 N.E.2d 471.  It follows, therefore, that the court could not determine that issue . . . from the pretrial motions that Ecotech filed.

Valmac
, 738 N.E.2d at 875-76 (emphasis in original). 

[¶21] Based on the 
Valmac
 decision, we conclude the language of the forum selection clause in this case is ambiguous as to whether it merely confers jurisdiction in Ohio courts by consent, or makes Ohio the exclusive forum for the adjudication of disputes arising out of the contract.
(footnote: 2)  We conclude the trial court erred in dismissing the action based on the contractual forum selection clause because a genuine issue of material fact exists as to the intention of the contracting parties which is not amenable to disposition by summary judgment. 

V

[¶22] Fun Flight argues the trial court erred in ruling, as a matter of law, Cleveland Gear had not waived reliance on the forum selection clause.  Fun Flight contends waiver occurred because Cleveland Gear sought affirmative relief through a counterclaim filed in Cass County and litigated the case in North Dakota for three years before moving for dismissal based on the forum selection clause.

[¶23] Waiver is a voluntary relinquishment of a known right, an act showing impliedly or expressly that the party agreed to rely on something other than the strict letter of its agreement.  
Vocke v. Third Nat’l Bank & Trust Co.
, 267 N.E.2d 606, 617 (Ohio Mun. 1971).

Whether or not there has been waiver of all or certain terms of a prior written agreement is a question of fact for the trier of fact.  The burden of proof of establishing waiver is upon the party relying on the waiver.  That burden of proof must be sustained by a preponderance of the evidence.

Id.
  The question whether a party’s acts are consistent with a theory of waiver is generally inappropriate for summary judgment disposition.  
See
 
Starcher v. Reserve Ins. Co.
, 428 N.E.2d 461, 463 (Ohio App. 1980).

[¶24] In this case, Cleveland Gear pled the forum selection clause in its answer and referenced the clause in its motion for partial summary judgment.  Neither Triple Quest nor Fun Flight sought to have the applicability of the clause adjudicated through a pretrial motion.  Adjudication of the applicability of the clause was prompted by the trial court.  Although three years passed before Cleveland Gear moved for dismissal based on the forum selection clause, Triple Quest had become insolvent during the interim and its assets were purchased by others.  Under these circumstances, we conclude a genuine issue of material fact exists whether Cleveland Gear waived its right to rely on the forum selection clause, and summary judgment was improperly granted.

[¶25] We conclude the trial court erred in ruling, as a matter of law, Cleveland Gear did not waive its right to rely on the forum selection clause.

VI

[¶26] We reverse the order and remand the case for further proceedings.

[¶27] Mary Muehlen Maring

William A. Neumann

Dale V. Sandstrom

Benny A. Graff, D.J.

Gerald W. VandeWalle, C.J.

[¶28] The Honorable Benny A. Graff, D.J., sitting in place of Kapsner, J., disqualified.

FOOTNOTES
1:    
In 
ELCA Enterprises, Inc. v. Sisco Equipment Rental & Sales, Inc.
, 53 F.3d 186, 191 (8th Cir. 1995), the court said “Rule 25 does not substantively determine what actions survive the transfer of an interest; rather, it provides substitution procedures for an action that does survive.”  The trial court did not rule on Fun Flight’s argument that it is the successor in interest only to Triple Quest’s right of recovery, but cannot be liable for any judgment on Cleveland Gear’s counterclaim.  Therefore, this issue is not before us on appeal and we do not decide it.

2:    
Contract forum selection clauses like the one in this case have been construed by other courts to be, as a matter of law, affirmative conferrals of personal jurisdiction by consent, but not negative exclusions of jurisdiction in other courts.  
See, e.g.
, 
Ericsson
, 201 F.3d at 18-19; 
John Boutari and Son v. Attiki Importers
, 22 F.3d 51, 52-53 (2nd Cir. 1994); 
Caldas & Sons, Inc. v. Willingham
, 17 F.3d 123, 127-28 (5th Cir. 1994); 
Redondo Const. Corp. v. Banco Exterior De Espana, S.A.
, 11 F.3d 3, 5-6 (1st Cir. 1993); 
Hunt Wesson Foods, Inc. v. Supreme Oil Co.
, 817 F.2d 75, 77-78 (9th Cir. 1987).  In cases in which forum selection clauses have been held to require litigation in a particular court, the language of the clauses clearly required exclusive jurisdiction.  
See, e.g.
, 
Pelleport
, 741 F.2d at 275 (construing clause stating “‘this Agreement shall be litigated only in the Superior Court for Los Angeles, California (and in no other)’”); 
Cumberland Software, Inc. v. Great American Mortgage Corp.
, 507 So.2d 794, 795 (Fla. App. 1987) (construing clause stating “‘the Superior Court of the State of Georgia, County of Cobb, shall have exclusive jurisdiction of any and all actions’”).