OPINION
Appellee-appellant, Hamilton County Department of Human Services ("HCDHS"), appeals from a judgment of the Franklin County Court of Common Pleas that reversed an order of the State Personnel Board of Review ("SPBR") affirming the termination from employment of appellant-appellee, Terence Collins, and modified the discipline the SPBR imposed. Because the common pleas court lacked jurisdiction over Collins' appeal, we vacate the judgment of the common pleas court.
Effective July 24, 1999, HCDHS, pursuant to former R.C. 124.34, removed Collins from his supervisory position with HCDHS due to alleged gross misconduct, neglect of duty, failure of good behavior, inefficiency, immoral conduct, malfeasance and nonfeasance. HCDHS alleged that during normal working hours Collins accessed inappropriate websites, including pornographic and sexually explicit sites and horse racing sites, unrelated to his job and in violation of HCDHS policy. According to HCDHS, Collins' access to the websites was excessive, not occasional or incidental.
Collins timely appealed to the SPBR. Following a hearing, the hearing officer issued a report and recommended that Collins' appeal be denied. Collins filed objections to the report and recommendation. In an order nunc pro tunc, dated September 20, 2000, the SPBR adopted the report and recommendation, and affirmed Collins' removal.
Collins timely appealed to the Franklin County Court of Common Pleas. The common pleas court reversed the SPBR's order affirming Collins' termination, modified the sanction to sixty days without pay, and ordered Collins to be reinstated after the sixty-day period with all back pay and any other benefits to which Collins was entitled. HCDHS appeals, and assigns two errors:
First Assignment of Error
 THE LOWER COURT LACKED SUBJECT MATTER JURISDICTION TO CONSIDER COLLINS' APPEAL[.]
Second Assignment of Error
 THE LOWER COURT ERRED BY REVERSING IN PART THE ORDER OF THE STATE PERSONNEL BOARD OF REVIEW AND IN MODIFYING THE DISCIPLINE IMPOSED BECAUSE SAID ORDER IS SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE AND IS IN ACCORDANCE WITH LAW[.]
HCDHS' first assignment of error asserts the common pleas court lacked subject matter jurisdiction over Collins' appeal. "Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits. ***" Morrison v. Steiner (1972), 32 Ohio St.2d 86, 87. See, also, Valmac Industries, Inc. v. Ecotech Mach., Inc. (2000),137 Ohio App.3d 408, 411-412 ("Subject matter jurisdiction refers to the authority that a court has to hear the particular claim brought to it and to grant the relief requested"). If a court lacks subject matter jurisdiction and renders a judgment, that judgment is void ab initio. Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus. Moreover, "[w]here a court has no jurisdiction over the subject matter of an action or an appeal, a challenge to jurisdiction on such ground may effectively be made for the first time on appeal in a reviewing court." Jenkins v. Keller (1966), 6 Ohio St.2d 122, 123, paragraph five of the syllabus. See, also, Civ.R. 12(H)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").
R.C. 124.34 addresses the removal of an employee in the classified service of a county. Former R.C. 124.34 provided that an employee who is removed may appeal to the SPBR and may appeal the SPBR's decision to the court of common pleas of the county in which the employee resides. See former R.C. 124.34(A) and (B).
The Ohio Supreme Court in Davis v. Bd. of Review (1980),64 Ohio St.2d 102, syllabus, interpreted its earlier decision of In re Termination of Employment (1974), 40 Ohio St.2d 107 and construed R.C.119.12 with 124.34. It held that "[a] member of the classified civil service, aggrieved by a decision of the State Personnel Board of Review affirming his removal or reduction in pay for disciplinary reasons, must bring his appeal, if at all, in the Court of Common Pleas of the county of his residence." HCDHS contends Collins resides in Hamilton County, not Franklin County, making Hamilton County the appropriate forum for an appeal of the SPBR's decision.
"[I]t has been consistently held that once the existence of subject matter jurisdiction has been challenged, the burden of establishing it always rests on the party asserting jurisdiction." Linkous v. Mayfield (June 4, 1991), Scioto App. No. CA1894, unreported. As the party who sought relief in Franklin County Common Pleas Court, Collins had the burden of establishing proper jurisdiction.
The record does not support Collins' residence is in Franklin County. Former Ohio Adm. Code 124-5-01(A)(1) required that the notice of appeal to the SPBR should include an appellant's name, address, and telephone number. Here, in a written notice of appeal to the SPBR dated July 28, 1999, Collins' attorney advised that "Mr. Collins' address/phone number is 2704 East Towers Drive #203, Cincinnati, OH 45238." See, also, Notice of Appeal to Franklin County Court of Common Pleas (indicating in handwritten notation that Collins' address is "2704 E. Towers Dr[.] Apt 203[,] Cincinnati, 45238"). Because Collins is not a Franklin County resident, Collins properly could not have appealed the decision of the SPBR to the common pleas court of Franklin County.
We recognize that "[o]nce lack of jurisdiction is raised by a party, the party asserting jurisdiction must be given an opportunity to be heard before dismissal is ordered." Linkous, supra. Here, Collins responded to HCDHS' jurisdictional contentions in his brief. Collins stated "[n]o motion to dismiss was made in the trial court. The record is complete in this court. There are no factual predicates in support of Appellant's arguments relating to Appellee Mr. Collins' residency. The record is silent as to his residency of Mr. Collins' appeal to Franklin County or now. This court cannot decide this issue based on the speculation of counsel. The Appellant has elected not to raise this issue and has no factual basis in the record for doing so now." (Collins' Brief, 4.)
As noted, however, the record establishes Collins' residency outside Franklin County. Because Collins does not dispute that fact, but instead responds based on a misinterpretation of the record, his arguments are not well-taken. By contrast, had Collins responded with a basis for finding the requisite jurisdiction in the Franklin County Common Pleas Court, then a remand for a hearing on the issue arguably may have been appropriate. In the absence of any indication from Collins that he may have resided in Franklin County, remanding the matter for a hearing on the issue would be a vain act. Accordingly, HCDHS' first assignment of error is sustained. Moreover, because the Franklin County Court of Common Pleas lacked subject matter jurisdiction, rendering its judgment void ab initio, HCDHS' second assignment of error is moot.
Having sustained HCDHS' first assignment of error, rendering moot its second assignment of error, we vacate the judgment of the common pleas court and remand this matter to the Franklin County Common Pleas Court with instructions to dismiss the case for lack of subject matter jurisdiction.
Judgment vacated and case remanded with instructions.
LAZARUS and PETREE, JJ., concur.