2006 ND 213

**John WITZKE, Plaintiff and Appellant**

v.

**Ania Diaz GONZALES, Defendant and Appellee.**

**No. 20060155.**

Supreme Court of North Dakota.

Oct. 17, 2006.

See also 2006 ND 160, 718 N.W.2d 586.

John Witzke (pro se), Bismarck, N.D., submitted on brief.

Ania Diaz Gonzales (pro se), Bismarck, N.D., submitted on brief.

MARING, Justice.

[¶ 1] John Witzke appealed from a district court order dismissing with prejudice his complaint against Ania Diaz Gonzales. We conclude the district court lacked personal jurisdiction based upon Witzke's improper service on Gonzales. We modify the dismissal of the action to dismiss without prejudice and affirm the order as modified.

I

[¶ 2] Witzke's present action stems from contentious encounters with his neighbor, Gonzales. This Court previously summarily affirmed Witzke's direct appeal from a criminal conviction for attempted criminal mischief when he entered Gonzales's yard with a shovel intending to damage his neighbor's security camera. *City of Bismarck v. Witzke,* 2005 ND 170,

709 N.W.2d 21. This Court also subsequently affirmed a dismissal of Witzke's lawsuit against the City of Bismarck on grounds of collateral estoppel, privilege, and absolute immunity. *Witzke v. City of Bismarck*, 2006 ND 160, 718 N.W.2d 586. Witzke characterizes his present action against Gonzales as a civil lawsuit seeking relief from spying video cameras, barking dogs, and an allegedly toxic backyard. Witzke also alleges claims of libel and slander.

[¶ 3] Gonzales moved to dismiss Witzke's complaint. The district court dismissed Witzke's complaint with prejudice, concluding he failed to make proper personal service upon Gonzales. The court further held his claims were barred by the doctrines of res judicata and collateral estoppel. Witzke appealed to this Court.

## II

[¶ 4] Witzke's notice of appeal purports to appeal from a "judgment" of dismissal of his complaint entered May 17, 2006. However, this record includes only an "order" dismissing his complaint with prejudice dated May 17, 2006. Although no judgment was entered upon the order dismissing Witzke's action, the order was clearly intended to be final. *See, e.g., Sanderson v. Walsh County*, 2006 ND 83, ¶ 4, 712 N.W.2d 842; *Van Valkenburg v. Paracelsus Healthcare Corp.*, 2000 ND 38, ¶ 8 n. 1, 606 N.W.2d 908. Further, while this Court has not directly stated that notices of appeal are to be liberally construed in favor of their sufficiency, we have heard appeals under similar reasoning. *See State v. Clark*, 1997 ND 199, ¶ 5, 570 N.W.2d 195. We conclude Witzke's notice of appeal is sufficient to appeal from the final order dismissing his complaint with prejudice.

## III

[¶ 5] Witzke argues the district court erred in dismissing his complaint with prejudice.

[¶ 6] Rule 3, N.D.R.Civ.P., provides, "A civil action is commenced by the service of a summons." Rule 4(d)(2), N.D.R.Civ.P., outlines the requirements for service of process upon an individual by mail and provides: "Personal service of process within the state must be made as follows: (A) upon an individual fourteen or more years of age by . . . (v) any form of mail or third-party commercial delivery addressed to the individual to be served and requiring a signed receipt and resulting in delivery to that individual."

[¶ 7] Here, Witzke attempted to serve process upon Gonzales only by regular mail. The record contains an "affidavit of service by mail," signed by Robert A. Morrell, which was witnessed by Witzke but was not notarized. This purported affidavit does not constitute proper service of process by mail under N.D.R.Civ.P. 4(d)(2)(A)(v). There is also no evidence in the record of a signed receipt by, nor of resulting delivery to, Gonzales. Gonzales's actual knowledge of Witzke's suit is not relevant. *See Helmers v. Sortino*, 545 N.W.2d 796, 799 (N.D.1996). Because Witzke did not properly serve Gonzales, the district court did not acquire personal jurisdiction over Gonzales. *See Riemers v. State*, 2006 ND 162, ¶ 7, 718 N.W.2d 566.

[¶ 8] "Absent personal jurisdiction, 'the court is powerless to do anything beyond dismissing *without prejudice.*' " *Riemers*, 2006 ND 162, ¶ 10, 718 N.W.2d 566 (quoting *Western Life Trust v. State*, 536 N.W.2d 709, 712 (N.D.1995) (emphasis added)). The district court correctly dismissed Witzke's action but erred when it decided substantive issues of collateral estoppel and res judicata, which it was without jurisdiction to address. Therefore, as

in *Riemers* and *Western Life Trust*, while the district correctly dismissed the action, it erred in doing so with prejudice. Because our conclusion that the district court lacked personal jurisdiction is dispositive of the appeal, we do not address Witzke's remaining arguments.

IV

[¶ 9]  We modify the dismissal of the action to dismiss without prejudice and affirm the order as modified.

[¶ 10] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM, and DANIEL J. CROTHERS, JJ., concur.