2013 ND 147

**Bobby BELL and Heidi Roberson,**
**Plaintiffs**

**Bobby Bell, Plaintiff and Appellant**

**v.**

**PRO TUNE PLUS and Patrick Riepl,**
**Defendants and Appellees.**

**No. 20130068.**

Supreme Court of North Dakota.

Aug. 29, 2013.

Rebecca Lynn Binstock, Bismarck, ND, for plaintiff and appellant.

Christopher S. Pieske, Bismarck, ND, for defendants and appellees.

VANDE WALLE, Chief Justice.

[¶ 1]   Bobby Bell appealed from a district court order remanding the case to small claims court.   We reverse and remand.

### I.

[¶ 2]   Bobby Bell filed an action in small claims court against Pro Tune Plus for damages to his vehicle.   Pro Tune responded to the claim, and filed the correct documents to remove the action to the district court.   After Bell attempted to amend his claim in the district court, the district court remanded the case to small claims court because it appeared that the claim affidavit and answer from small claims had not been filed with the district court as required by N.D.C.C. § 27–08.1–04. Bell moved under N.D.R.Civ.P. 60(a) to correct the record because the clerk had apparently mistakenly failed to file the documents for removal.   Bell asked the district court to vacate its order for remand.   Pro Tune responded that it did not oppose remand to the small claims court because the damages at issue were mini-

mal. The district court denied Bell's motion to correct the record, holding Bell did not have a right to remove the action to the district court and, because Pro Tune did not oppose remand, Bell would need to seek dismissal without prejudice from the small claims court in order to return to the district court.

## II.

[¶ 3] On the merits, the district court erred by remanding the case to small claims court. Section 27–08.1–04, N.D.C.C., requires a defendant to "file with the clerk of court to which the action is removed a copy of the claim affidavit and the defendant's answer along with the filing fee." The defendant filed the necessary documents. The case was successfully removed. The fact that the defendant did not oppose remand is irrelevant. Once the action is properly before the district court, the defendant does not have the option to choose whether or not to remand the case to small claims court. Just as the plaintiff's decision to proceed in small claims court is irrevocable, so is the defendant's decision to remove the action to district court. The district court did not have the authority to decline jurisdiction over an action properly before it.

## III.

[¶ 4] However, we must consider whether the order is appealable. An appeal may be taken from "[a]n order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken." N.D.C.C. § 28–27–02(1). "[I]t is well-settled that an order dismissing the complaint without prejudice is not appealable." *Triple Quest, Inc. v. Cleveland Gear Co., Inc.*, 2001 ND 101, ¶ 7, 627 N.W.2d 379. "This Court has noted that, because either side may commence another action after a civil complaint is dismissed without prejudice,

the order dismissing the action neither 'determines the action' nor 'prevents a judgment from which an appeal might be taken.' " *Id.* In such cases, the action frequently can be filed again in the district court without delay. However, this action is not analogous to the traditional dismissal without prejudice. In this case, a procedural barrier exists to prevent the action from being filed, at least temporarily, again in the district court. Here, the district court declined to exercise its jurisdiction, and remanded the case to small claims court, effectively ending the action in the district court. Bell can attempt to obtain a dismissal without prejudice in small claims court, but, under N.D.C.C. § 27–08.1–04.1, a case in small claims court can be dismissed without prejudice only if the judge determines the case may not be fairly disposed of in small claims court. At this moment, Bell is barred from proceeding in the district court. Therefore, the order for remand prevented a judgment from which an appeal can be taken.

## IV.

[¶ 5] We must also consider whether or not Bell has standing to appeal. "A party is entitled to have a court decide the merits of a dispute only after demonstrating standing to litigate the issues placed before the court." *Triple Quest, Inc.*, 2001 ND 101, ¶ 13, 627 N.W.2d 379. "Standing is the concept used 'to determine if a party is sufficiently affected so as to insure that a justiciable controversy is presented to the court.' " *Whitecalfe v. North Dakota Dep't of Transp.*, 2007 ND 32, ¶ 15, 727 N.W.2d 779 (quoting *Nodak Mut. Ins. Co. v. Ward County Farm Bureau*, 2004 ND 60, ¶ 11, 676 N.W.2d 752). "To be entitled to appeal a district court order to this Court, the party must be aggrieved by the order by having some legal interest that may be enlarged or diminished by the order." *Triple Quest, Inc.*, at ¶ 13. Pro Tune properly removed

the case to district court. At that point, the rights afforded by the district court were vested in both parties. Therefore, Bell had a legal interest in proceeding in the district court, and has standing to appeal.

## V.

[¶ 6] We reverse and remand the action to district court.

[¶ 7] DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.