# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 188

| | |
|---|---|
| Alexander R. Curtis, | Defendant and Appellant |
| v. | |
| Jenna J. Curtis, | Plaintiff and Appellee |
| and | |
| State of North Dakota, | Statutory Real Party in Interest |

## No. 20240115

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Stephannie N. Stiel, Judge.

DISMISSED.

Opinion of the Court by Tufte, Justice.

Joshua Nyberg, Fargo, N.D., for defendant and appellant.

Leslie J. Aldrich (argued) and Victoria C. Hicks (on brief), Fargo, N.D., for plaintiff and appellee.

# Curtis v. Curtis
## No. 20240115

**Tufte, Justice.**

[¶1]  Alexander Curtis appeals from a district court judgment entered after a bench trial on custody proceedings. On appeal, Alexander Curtis argues the district court's award of primary residential responsibility to Jenna Curtis is clearly erroneous because the court's findings on the best interest factors are contradicted by the evidence. He also argues the court erred by including a "self-executing automatic" reduction in his parenting time when the child reaches school age. Jenna Curtis requests attorney's fees. We dismiss Alexander Curtis's appeal from the district court judgment because his appeal was untimely.

I

[¶2]  Prior to trial, the parties settled the issues of marital property, debt distribution, and spousal support. The parties agreed to a parenting schedule while this case was pending wherein Alexander Curtis has parenting time from Sunday evening until Wednesday morning, and Jenna Curtis has parenting time from Wednesday morning until Sunday evening. The parties proceeded to trial on the issues of primary residential responsibility, child support, and attorney's fees.

[¶3]  After trial, the district court found factors (a), (b), (c), (d), (f), and (h) favor Jenna Curtis; factors (e), (g), and (k) were neutral; and factors (i), (j), (l), and (m) were not applicable; no factors favored Alexander Curtis. The district court found it was in the best interests of the child to award Jenna Curtis primary residential responsibility subject to Alexander Curtis's reasonable parenting time. The court ordered the parties to follow the same parenting time schedule they have used since March 2023 until August 1, 2025. Beginning August 1, 2025, when the child will begin school, the parenting schedule will change, and Alexander Curtis's parenting time will be reduced. Judgment was entered on January 10, 2024. Notice of entry of judgment was filed and served on January 15, 2024.

1

[¶4] On March 12, 2024, Alexander Curtis filed a Rule 60(b), N.D.R.Civ.P., motion for relief, arguing the district court erred in determining the best interest factors and erred by reducing his parenting time when the child begins school. The court denied the motion. Alexander Curtis appealed only the district court judgment and not the order denying Rule 60 relief.

II

[¶5] "Before we consider the merits of an appeal, we must have jurisdiction." *Kaspari v. Kaspari*, 2023 ND 207, ¶ 4, 997 N.W.2d 621 (citations omitted). "Although neither party raised the issue of jurisdiction, this Court has the duty to dismiss an appeal on its own if we conclude the attempted appeal fails for lack of jurisdiction." *Id.* "The time limit for filing a notice of appeal is jurisdictional, and we dismiss an appeal if we conclude we do not have jurisdiction." *Id.* at ¶ 5 (citations omitted).

[¶6] In a civil case, "the notice of appeal required by [N.D.R.App.P. 3] must be filed with the clerk of the supreme court within 60 days from service of notice of entry of the judgment or order being appealed." N.D.R.App.P. 4(a)(1). A motion under Rule 60, N.D.R.Civ.P., tolls the time to appeal "if the motion is served and filed no later than 28 days after notice of entry of judgment." N.D.R.App.P. 4(a)(3)(A)(vi); *see also Kaspari*, 2023 ND 207, ¶ 6 (explaining "the time to appeal the . . . judgment was not tolled under N.D.R.App.P. 4(a)(3)(A)(vi)" because Kaspari "served and filed his motion for relief from judgment more than 28 days after service of the notice of entry of judgment").

[¶7] Notice of entry of judgment was filed and served on January 15, 2024. Alexander Curtis filed a Rule 60, N.D.R.Civ.P., motion on March 12, 2024, 57 days after notice of entry of judgment was served. The time to appeal the judgment was not tolled under N.D.R.App.P. 4(a)(3)(A)(vi) because the Rule 60 motion was not filed and served within 28 days from notice of entry of judgment. Under Rule 4, N.D.R.App.P., Alexander Curtis was required to file the notice of appeal within 60 days from January 15, 2024. Alexander Curtis filed his notice of appeal on April 12, 2024, 88 days after notice of entry of judgment was served.

Therefore, his appeal of the judgment is untimely, and we are without jurisdiction to decide it.

## III

[¶8]   Jenna Curtis argues this appeal is frivolous and requests attorney's fees. She does not provide support for her argument. "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates bad faith in pursuing the litigation." *McCay v. McCay*, 2024 ND 130, ¶ 30, 9 N.W.3d 687. Alexander Curtis's appeal is not flagrantly groundless or devoid of merit, nor does it demonstrate bad faith in pursuing the litigation. We deny the request for attorney's fees on appeal.

## IV

[¶9]   We dismiss Alexander Curtis's appeal of the judgment.

[¶10]  Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr