# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2026 ND 5

Christopher James Gum,                                    Plaintiff and Appellant

v.

Muddy Boyz Drywall LLC,                                    Defendant and Appellee

No. 20250324

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Constance L. Cleveland, Judge.

DISMISSED.

Opinion of the Court by Bahr, Justice.

Christopher J. Gum, Bismarck, ND, plaintiff and appellant.

Elliot J. Stoll (argued) and Kendra E. Olson (on brief), Detroit Lakes, MN, for defendant and appellee.

**Bahr, Justice.**

[¶1]   Christopher Gum appeals from a district court judgment granting Muddy Boyz Drywall LLC's (Muddy Boyz) motion for summary judgment and dismissing Gum's claims. Because the court has not entered a final judgment resolving all the parties' claims, we lack jurisdiction of the appeal. We dismiss the appeal.

I

[¶2]   In May 2024, Gum filed a complaint against Muddy Boyz. Muddy Boyz filed an answer and counterclaims for conversion, breach of contract, fraud, and trespass. Muddy Boyz later moved for summary judgment requesting Gum's claims be dismissed with prejudice. After briefing, the district court granted Muddy Boyz's motion and entered judgment dismissing Gum's claims on the merits. Muddy Boyz did not request summary judgment on its counterclaims, and the court's judgment did not dispose of Muddy Boyz's counterclaims. Gum appealed. *Gum v. Muddy Boyz Drywall LLC*, 2025 ND 111, 22 N.W.3d 720 (*Gum I*). We concluded we lacked jurisdiction of the appeal because the district court had not entered a final judgment resolving all the parties' claims, and dismissed the appeal. *Id.*

[¶3]   In July 2025, Muddy Boyz filed a motion to dismiss its counterclaims without prejudice. The district court granted the motion and entered judgment dismissing Muddy Boyz's counterclaims without prejudice. Neither party sought certification under N.D.R.Civ.P. 54(b), and the district court did not direct entry of a final judgment under Rule 54(b) as to Gum's claims. Gum appeals the court's dismissal of his claims.

II

[¶4]   The right to appeal is governed by statute, and the appeal must be dismissed if there is no statutory basis to hear the appeal. *James Vault & Precast Co. v. B&B Hot Oil Serv., Inc.*, 2018 ND 63, ¶ 8, 908 N.W.2d 108. A party may

appeal from a judgment or order in a civil action under N.D.C.C. § 28-27-01. Only judgments and decrees which constitute a final judgment and orders specified by statute are appealable. *James Vault & Precast*, ¶ 8.

[¶5] "This Court generally will not consider an appeal in a multi-claim or multi-party action that disposes of fewer than all claims against all of the parties unless the district court has first independently assessed the case and determined a certification under N.D.R.Civ.P. 54(b) is appropriate." *Morales v. Weatherford U.S., L.P.*, 2024 ND 81, ¶ 21, 6 N.W.3d 657. "Rule 54(b) preserves our longstanding policy to discourage piecemeal appeals in multi-claim or multi-party cases." *Id.*

[¶6] Addressing certification under N.D.R.Civ.P. 54(b), we explained:

> "Under N.D.R.Civ.P. 54(b), the district court is authorized to enter a final judgment adjudicating fewer than all claims of all parties when the court expressly concludes there is no just reason for delay and expressly directs the entry of judgment." [*In re Est. of*] *Hollingsworth*, 2012 ND 16, ¶ 9, 809 N.W.2d 328 (quoting *Investors Title* [*Ins. Co. v. Herzig*], 2010 ND 138, ¶ 24, 785 N.W.2d 863). However, we have cautioned against improvident use of the rule:
>> "Upon requesting Rule 54(b) certification, the burden is upon the proponent to establish prejudice or hardship which will result if certification is denied. The district court must weigh the competing equities involved and take into account judicial administrative interests in making its determination whether or not to certify under the Rule. A N.D.R.Civ.P. 54(b) certification should not be routinely granted and is reserved for cases involving unusual circumstances where failure to allow an immediate appeal would create a demonstrated prejudice or hardship. Upon review, we determine whether the case presents an infrequent harsh case warranting the extraordinary remedy of an otherwise interlocutory appeal."
> *Capps v. Weflen*, 2013 ND 16, ¶ 7, 826 N.W.2d 605 (citations and quotation marks omitted).

*Dixon v. Dixon*, 2021 ND 94, ¶ 11, 960 N.W.2d 764.

[¶7] Here, the district court entered two judgments, one dismissing Gum's claims on the merits and the other dismissing Muddy Boyz's counterclaims without prejudice. A dismissal without prejudice generally is not appealable. *Conrad v. Wilkinson*, 2017 ND 212, ¶ 5, 901 N.W.2d 348. "This Court has noted that, because either side may commence another action after a civil complaint is dismissed without prejudice, the order dismissing the action neither 'determines the action' nor 'prevents a judgment from which an appeal might be taken.'" *Bell v. Pro Tune Plus*, 2013 ND 147, ¶ 4, 835 N.W.2d 858 (quoting *Triple Quest, Inc. v. Cleveland Gear Co., Inc.*, 2001 ND 101, ¶ 7, 627 N.W.2d 379). "However, a dismissal without prejudice may be final and appealable if the plaintiff cannot cure the defect that led to dismissal, or if the dismissal has the practical effect of terminating the litigation in the plaintiff's chosen forum." *Conrad*, ¶ 5 (quoting *Rodenburg v. Fargo-Moorhead Young Men's Christian Ass'n*, 2001 ND 139, ¶ 12, 632 N.W.2d 407).

[¶8] The judgment dismissing Muddy Boyz's counterclaims without prejudice does not terminate the litigation in state court. Neither party presented any argument why the judgment dismissing Muddy Boyz's counterclaims without prejudice determines Muddy Boyz's claims or why Muddy Boyz is precluded from commencing another action on the same claims. The district court's decisions, even when designated as "judgments," do not adjudicate the claims of Muddy Boyz and thus do "not end the action as to any of the claims or parties[.]" N.D.R.Civ.P. 54(b). Under the facts presented, absent Rule 54(b) certification, the judgment dismissing Gum's claims on the merits is not appealable.

III

[¶9] The judgments are not final for purposes of our appellate jurisdiction. We dismiss the appeal.

[¶10] Lisa Fair McEvers, C.J.
Daniel J. Crothers
Jerod E. Tufte

Jon J. Jensen
Douglas A. Bahr