# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2026 ND 31

Ronald Eugene Rousseau,                                    Plaintiff and Appellant

v.

Governor Kelly Armstrong,

Brigadier General Mitchell R. Johnson,

Colonel Kevin H. Miller, North Dakota

National Guard, North Dakota Dep't of

Veterans Affairs, and any other

commanders involved in the WOFR

process,                                                    Defendants and Appellees

### No. 20250336

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Pamela A. Nesvig, Judge.

DISMISSED.

Opinion of the Court by Jensen, Justice.

Ronald E. Rousseau, Bismarck, ND, plaintiff and appellant; submitted on brief.

Courtney R. Titus, Assistant Attorney General, Bismarck, ND, for defendants and appellees; submitted on brief.

**Jensen, Justice.**

[¶1]   Ronald Eugene Rousseau appeals from an order granting the State's motion to dismiss his petition for a temporary restraining order and injunctive relief. The district court dismissed the petition after concluding it lacked both personal and subject matter jurisdiction. Reviewing our own jurisdiction sua sponte, we dismiss the appeal.

I

[¶2]   On July 3, 2025, Rousseau delivered and filed a "Verified Petition for Temporary Restraining Order and Injunctive Relief" naming several people or entities as the respondents, including three state parties: (1) Governor Kelly Armstrong; (2) Brigadier General Mitchell R. Johnson of the North Dakota National Guard; and (3) the North Dakota Department of Veterans Affairs. The petition asked the district court to halt the Withdrawal of Federal Recognition (WOFR) proceedings that had been initiated against Rousseau by the North Dakota National Guard until a habeas corpus proceeding involving him was fully adjudicated in a South Dakota federal district court.

[¶3]   Rousseau personally delivered the petition to the Governor's office, the National Guard office, and the North Dakota Department of Veterans Affairs. A summons was not included in this initial attempt at service. Four days later, Rousseau delivered and refiled the petition with additional documents that included a summons. Once again, Rousseau personally delivered the documents to the Governor's office and the National Guard office, but mailed the documents to the North Dakota Department of Veterans Affairs.

[¶4]   After entering a limited appearance to raise the issue of personal jurisdiction, the State served and filed a motion to dismiss arguing personal delivery of the summons and petition upon Governor Armstrong and Brigadier General Johnson failed to comply with N.D.R.Civ.P. 4(d)(1), and service by mail upon the North Dakota Department of Veterans Affairs failed to comply with

N.D.R.Civ.P. 4(d)(2)(F). The other parties named as defendants have not entered appearances (limited or otherwise) or filed any motions.

[¶5]   On August 25, 2025, the district court entered an order granting the State's motion to dismiss, concluding it lacked personal jurisdiction over the state parties. Although the court also concluded that it lacked subject matter jurisdiction over the issues raised in Rousseau's petition, no final judgment has been entered in the case.

II

[¶6]   "Before we consider the merits of an appeal, we must have jurisdiction." *Curtis v. Curtis*, 2024 ND 188, ¶ 5, 12 N.W.3d 825 (quoting *Kaspari v. Kaspari*, 2023 ND 207, ¶ 4, 997 N.W.2d 621). "The right to appeal is governed by statute, and the appeal must be dismissed if there is no statutory basis to hear the appeal." *Gum v. Muddy Boyz Drywall LLC*, 2026 ND 5, ¶ 4, __ N.W.3d __. "[E]ven if the parties do not raise the issue of appealability, we *must* dismiss the appeal on our own motion if there is no statutory basis for the appeal and we are without jurisdiction." *Riemers v. Hill*, 2014 ND 80, ¶ 4, 845 N.W.2d 364 (emphasis added); *see also Kaspari*, ¶ 4 ("Although neither party raised the issue of jurisdiction, this Court has the duty to dismiss an appeal on its own if we conclude the attempted appeal fails for lack of jurisdiction.").

[¶7]   "A party may appeal from a judgment or order in a civil action under N.D.C.C. § 28-27-01. Only judgments and decrees which constitute a final judgment and orders specified by statute are appealable." *Gum*, 2026 ND 5, ¶ 4.

[¶8]   Rousseau appealed from the order granting the state parties' motion to dismiss, which was brought on the grounds the district court lacked personal jurisdiction due to insufficient service of process. Although the order does not specify the dismissal was without prejudice, a dismissal for lack of personal jurisdiction due to insufficient service of process is presumptively without prejudice. *Olsrud v. Bismarck-Mandan Orchestral Ass'n*, 2007 ND 91, ¶ 27, 733 N.W.2d 256 ("Absent personal jurisdiction over a defendant, a district court is powerless to do anything beyond dismissing without prejudice."); *see also Franciere v. City of Mandan*, 2020 ND 143, ¶ 16, 945 N.W.2d 251 (holding the court

2

correctly dismissed the case for lack of personal jurisdiction due to insufficient service, but "erred in doing so with prejudice"); *Hondl v. State*, 2020 ND 20, ¶ 9, 937 N.W.2d 564 ("If the court dismissed the matter based on Hondl's failure to properly serve the State, . . . the order of dismissal should have been 'without prejudice.'"); *Witzke v. Gonzales*, 2006 ND 213, ¶ 8, 722 N.W.2d 374 (affirming dismissal for lack of personal jurisdiction but modifying dismissal to be without prejudice).[1]

[¶9] "A dismissal without prejudice generally is not appealable." *Gum*, 2026 ND 5, ¶ 7. "This Court has noted that, because either side may commence another action after a civil complaint is dismissed without prejudice, the order dismissing the action neither 'determines the action' nor 'prevents a judgment from which an appeal might be taken.'" *Id.* (quoting *Bell v. Pro Tune Plus*, 2013 ND 147, ¶ 4, 835 N.W.2d 858). "However, a dismissal without prejudice may be final and appealable if the plaintiff cannot cure the defect that led to dismissal, or if the dismissal has the practical effect of terminating the litigation in the plaintiff's chosen forum." *Id.* (quoting *Conrad v. Wilkinson*, 2017 ND 212, ¶ 5, 901 N.W.2d 348). Here, neither of the district court's jurisdictional rulings were specified as with prejudice or resulted in a final judgment, and thus we do not deem the order from which Rousseau appealed to have terminated the litigation in his chosen forum.

---

[1]In *Witzke*, the district court erroneously said a dismissal that should have been without prejudice was with prejudice. 2006 ND 213. We exercised appellate jurisdiction to correct that error despite the absence of a final judgment because the dismissal *with* prejudice clearly indicated the order was "intended to be final." *Id.* ¶ 4. Here, the court did not indicate the dismissal for lack of personal jurisdiction was with prejudice.

## III

[¶10] We dismiss the appeal for lack of jurisdiction.

[¶11] Lisa Fair McEvers, C.J.
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen
Douglas A. Bahr